COMMONWEALTH *vs.* DENNIS GALLIGAN.

**That** evidence of confessions, unconfirmed by a disinterested government witness, who was in a position to have heard them, if made, should be received with especial caution, is not a rule of law, but a matter for argument to the jury.

INDICTMENT under Gen. Sts. *c.* 87, § 7, for keeping a tenement used for the illegal sale of intoxicating liquors.

At the trial in the Superior Court, before *Pitman,* J., one Collingwood, a state constable, testified that he came to Taunton May 26 ; that he was unacquainted with the defendant; that he and another state constable named Clifford made a complaint, and received a warrant to search the tenement described in this indictment, May 27 ; that on that day he made a seizure in a bar room, which was a part of the tenement; that he then, accompanied by a police officer named Parris, went to the cellar underneath, and found several barrels of intoxicating liquors, among which was a barrel of ale with a pipe leading from it to a pump in the bar room above ; that as they were about to remove the liquors, the defendant, who was then unknown to him, came into the cellar by a stairway from the bar room above, and said to him, in Parris's presence, " Mr. Sampson, I suppose ? " that he replied, " No," and gave him his name, and asked, " Are you the proprietor of this place ? " that the defendant answered, " Yes ; " that the defendant then assisted in removing the liquors, and said it was rather hard, but he would have to submit ; and that Parris was present all the time.

Parris was called as a witness by the government, and was inquired of in regard to the conversation. He replied that he was

present; that there was some conversation between Collingwood, and the defendant, but he did not recollect what it was.

The defendant asked the court to rule and instruct the jury, that evidence of verbal admissions should be received with great caution; and the court, at the defendant's request, read to the jury, 1 Greenleaf on Evidence, (Redfield's edition,) § 200, and the note. The defendant requested the court to instruct the jury in addition as follows: "And more especially should this rule be observed if this evidence is not confirmed by a disinterested person who was present and in a position to hear the admission, if made, and who appears and testifies in behalf of the government."

This the court declined to do, but gave instructions in respect to the bearing of what was found, and of what was alleged to have been said, in the cellar, upon the question of keeping in the bar room above, which were not excepted to.

The jury returned a verdict of guilty, and the defendant ex cepted.

*J. Brown*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth, was not called upon.

BY THE COURT. There is no such rule of law, as is contended for. The instructions requested involved mere matter of fact, to be argued to the jury.        *Exceptions overruled.*