COMMONWEALTH *vs.* WILLIAM C. CHRISTIE.

Essex. November 4. — 5, 1887. DEVENS & KNOWLTON, JJ., absent.

At the trial of a complaint for keeping intoxicating liquors, with intent to sell the same unlawfully, the only issue in dispute was whether the defendant was the proprietor of a certain saloon. A police officer testified to an admission of the fact by the defendant at a certain interview when no one else was present. The defendant and two other witnesses testified to a conversation between the defendant and the police officer differing essentially from the version given by the latter. The defendant contended in his argument to the jury that the officer was mistaken. The district attorney contended that, if the jury acquitted the defendant, they would brand the officer as a perjurer. The defendant asked the judge to instruct the jury that it was not necessary for the jury to disbelieve the officer in order to acquit; that, if all the evidence left their minds in doubt as to what was said, the defendant was entitled to the benefit of it. The judge did not instruct the jury as requested, but instructed them that the material allegations of the complaint were to be proved beyond a reasonable doubt, and that they were to consider the intelligence of the officer, and whether he understood and interpreted the conversation correctly; and that they were not responsible for the effect, if any, of their verdict upon witnesses. *Held*, that the defendant had no ground of exception.

COMPLAINT for keeping intoxicating liquors on September 10, 1887, at Haverhill, with intent to sell the same unlawfully in this Commonwealth. Trial in the Superior Court, on appeal, before *Sherman*, J., who allowed a bill of exceptions, in substance as follows:

The only issue tried was that of proprietorship. As bearing upon this issue, the government introduced the evidence of Austin C. Sprague, a police officer, who testified that on the day alleged in the complaint he saw the defendant at a certain saloon in Haverhill, in the basement thereof; that the witness was about to open a door into an adjoining basement, when the defendant said, " If you find anything in there don't lay it to me; this is all I hire." Sprague further testified that no one was present during the conversation except the defendant.

The defendant introduced, among other testimony, the testimony of two witnesses besides himself, as to his declarations to Sprague, differing essentially from the version given by Sprague.

The defendant's counsel did not contend that Sprague had perjured himself, but urged upon the jury that he must be mistaken in his version and had confounded it with the facts in some other case, and that the testimony introduced in behalf of the defendant ought to create a doubt in their minds as to the correctness of the officer's version.

The district attorney, in arguing the case for the government, submitted to the jury, in substance, that, if they acquitted the defendant, they would, in doing so, be branding Sprague as a perjurer.

The defendant asked the judge to instruct the jury as follows: " It is not necessary for the jury to disbelieve Sprague in order to acquit. If all the evidence leaves their minds in doubt as to what was said, the defendant is entitled to the benefit of it." The judge instructed the jury that all the material allegations of the complaint were to be proven beyond a reasonable doubt, and gave general instructions, not excepted to; and the judge did not instruct the jury as requested, but instructed them that they were to consider the intelligence of the officer, and whether he understood and interpreted the conversation correctly; and that they were not responsible for the effect, if any, of their verdict upon witnesses.

The jury returned a verdict of guilty; and the defendant alleged exceptions to the refusal to rule as requested.

*B. F. Brickett & C. H. Poor*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. The court was not required by law to give the instruction requested by the defendant. The instructions given, that the government must prove all its material allegations beyond reasonable doubt, and that the jury were to consider the intelligence, memory, and accuracy of the witness Sprague, were sufficient and appropriate.

*Exceptions overruled.*