COMMONWEALTH *vs.* LORENZO T. BROWN.

Norfolk.    February 4, 1889. — March 2, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Common Nuisance — Confession — Evidence.*

At the trial of a complaint against a retail druggist, on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance, there was evidence of an admission by him to an officer that he was guilty of the offence charged before he received a license; and that thereafter he illegally sold intoxicating liquors. The presiding judge instructed the jury that frequent illegal sales by the defendant

would be competent evidence of his guilt, and, as to the confession, that they must be satisfied beyond a reasonable doubt that the officer correctly heard and understood the language used, and honestly and truly reported it in court. *Held*, that the defendant had no ground of exception.

An instruction to the jury, that "proof of merely one sale of intoxicating liquors in a tenement is not sufficient evidence of the keeping and maintaining such tenement as a common nuisance," was *held* to be rightly refused, in the absence of facts in evidence raising that question.

COMPLAINT to the District Court of East Norfolk for keeping and maintaining a common nuisance, to wit, a tenement in Weymouth used for the illegal sale and keeping for sale of intoxicating liquors, from July 1, 1887, to April 8, 1888.

At the trial in the Superior Court, on appeal, before *Sherman*, J., it was admitted that, on December 6, 1887, the defendant, a druggist, was granted a license of the sixth class, to expire on May 1, 1888. One Gardner and one Geary, police officers, testified that they went to the store of the defendant with the complaint, about April 20, 1888, and told him that the offence charged was for keeping a common nuisance during the time alleged, and read the complaint to him, and that the defendant then said, "It is not fair to go back of my license,—if you do, I am guilty, for all the druggists in Weymouth sold before licenses were granted on December 6, 1887." The government introduced evidence tending to show that the defendant, after December 6, 1887, sold intoxicating liquor to be drunk as a beverage, although in each instance the purchaser signed a certificate to the effect that he intended to use the liquor for medical purposes.

The defendant requested the judge to rule: "1. That evidence of verbal confessions made to officers is to be received with great caution. 2. That unless the government has proved that the defendant kept the tenement as a liquor nuisance before he received his license and after May 1, 1887, the defendant could not be convicted for so keeping the tenement during that time, even if they should find that the defendant did say to the officers that he was guilty, and that every druggist in Weymouth was guilty of selling liquor before the license; as such confession, if proved, would be insufficient evidence for the defendant's conviction of keeping a liquor nuisance before said December 6. 3. That proof of merely one sale of intoxicating liquor in a tenement is not sufficient evidence of

the keeping and maintaining such a tenement as a common nuisance."

The judge refused so to rule, and instructed the jury among other things as follows: "The government claim that the defendant has admitted his guilt of so keeping said store between July 1 and December 6, 1887. You have heard the testimony of officers Gardner and Geary concerning the declaration alleged to have been made by the defendant on April 20th, and the testimony of the defendant and his witnesses in denial. The question of fact then is, Did the defendant say, in reply to the charge of keeping a common nuisance, ' It is not fair to go back of my license, — if you do, I am guilty, for all the druggists in Weymouth sold before December 6, 1887 ' ? Whenever witnesses attempt to give evidence of a conversation, a confession, you must be satisfied that they correctly heard and understood the language used, and have honestly and truly reported it in court. If you are satisfied beyond a reasonable doubt that on April 20th the defendant, after hearing the complaint read and knowing what the charge against him was, and in reply to it made use of the language testified to by the officers, and are also satisfied that the same evidence was given in the court below, you may consider the evidence as evidence in the case, giving it such weight, and only such weight, as you think it is fairly entitled to. If said language was not used, or was not given in evidence in the court below, you will dismiss it entirely from your minds and disregard it. . . . If . . . you are satisfied beyond a reasonable doubt that the defendant made frequent sales of intoxicating liquor upon certificates claiming that such sales were for medical purposes, and at and before the sales the defendant knew that said certificates were false, and that the purchasers did not intend said liquors for medical purposes, but in fact wanted and intended the same for use as a beverage, then such sales would be unlawful and in violation of his license, and the evidence would be competent for your consideration in determining whether or not the defendant is guilty of keeping and maintaining a common nuisance, under the instructions which I have given you."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*A. J. Waterman*, Attorney General, *&* *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

FIELD, J.   The complaint is for keeping and maintaining a tenement used for the illegal sale and the illegal keeping for sale of intoxicating liquors, from July 1, 1887, to April 18, 1888. The defendant on December 6, 1887, received a license of the sixth class for the year ending May 1, 1888.   The confession put in evidence related solely to sales made before the license was granted, and was the only evidence of sales made between July 1 and December 6, 1887.

The counsel for the defendant has argued but two questions: first, whether the evidence of the confession was sufficient to warrant the jury in finding the defendant guilty of maintaining the alleged nuisance before December 6, 1887; and secondly, whether proof of " merely one sale " would support the complaint.   As the jury may have found the defendant guilty of maintaining the nuisance before December 6, 1887, and not afterwards, the instructions in regard to the confession are material.   The facts in evidence do not raise the question whether proof of merely one illegal sale of intoxicating liquors in a tenement, without any other evidence of an illegal keeping or of illegal sales of such liquors in the same tenement, would warrant a verdict of guilty on a complaint under the Pub. Sts. c. 101, §§ 6, 7.

The instructions given upon the evidence, apart from that of the confession, were, in substance, that frequent illegal sales by the defendant would be competent evidence on which he might be found guilty, and the evidence of the confession was to the effect that the defendant admitted that he was guilty of the offence charged in the complaint before he received a license, and not that he admitted that he had made but one sale.   The instructions given upon the weight to be given to the evidence of the confession were substantially in accordance with the decisions in *Commonwealth* v. *Galligan*, 113 Mass. 202 ; *Commonwealth* v. *Sanborn*, 116 Mass. 61 ; and *Commonwealth* v. *Christie*, 145 Mass. 232.

*Exceptions overruled.*