REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# TERRITORY OF NEW MEXICO.

## JANUARY TERM, 1903.

[No. 992.   February 26, 1903.]

### TERRITORY OF NEW MEXICO, Appellee, v. PABLO PADILLA, Appellant.

#### SYLLABUS.

1.   The granting or refusing of a motion for continuance, in a criminal case, on the ground of the absence of material witnesses, rests in the sound discretion of the court, and will not be reviewed and reversed on appeal unless it clearly appears that manifest wrong has been done.

2.   Even if the rule laid down by the trial court for the order of exercising peremptory challenges during the trial of a case is not in accordance with the laws of the territory, it is harmless error; if the appellant had peremptory challenges left which he did not use.

3.   The trial court properly refused to give instructions asking that the jury should "find the defendant not guilty," when there was evidence introduced in the case showing that he was guilty of the crime charged.

4.   In criminal cases the venue must be proved.

Appeal from the district court of Valencia county, before B. S. BAKER, Associate Justice.   Affirmed.

(1)

E. V. CHAVEZ for appellant.

The court erred in overruling defendant's application for a continuance. The application having been legally sufficient, the continuance should have been granted.

> Territory of New Mexico v. Kinney, 3 N. M. 656; Linn County v. Morris, 67 Pac. 295; 4 Ency. Pl. and Pr., pp. 905 and 906.

The court erred in requiring defendant, over his objection, to exercise the peremptory challenges as follows: The Territory one challenge; then defendant two challenges; then Territory one challenge; defendant two challenges; Territory one challenge; and defendant one challenge.

The law of this Territory applicable in this case concerning peremptory challenges, provides: "That no defendant shall be required to exercise any peremptory challenge as to any particular juror, until the Territory shall have finally passed upon and accepted such juror."

> Sec. 3404, Comp. Laws of N. M. 1897; Territory of New Mexico v. Lermo, 8 N. M. 570; Territory v. Barrett, 8 N. M. 77.

The court erred in admitting oral evidence as to the alleged brand, or ownership of the mare alleged to be the mother of the colt in question, as the record of the brand was the only competent evidence.

> Pryor v. Cattle Company, 6 N. M. 52; Chavez v. Territory 6 N. M. 458.

EDWARD L. BARTLETT, Solicitor-General, for appellee.

Errors to be considered on motion for a new trial or in the appellate court must specify the exact errors complained of in order that the court may correct them or on its refusal so to do that they may be corrected here.

Beall v. Territory, 1 N. M. 518; Archibeque v. Myera, 1 N. M. 160; Territory v. Anderson, 4 N. M. 214-228; Schofield v. Territory, 9 N. M. 534-538; Cevada v. Miera, 61 Pac. 125; Territory v. Guillen, 66 Pac. 531; Territory v. Cordova, 68 Pac. 919.

No objections or exceptions were taken to the refusal of the court to give the instructions asked by the defendant. Therefore, this court cannot consider them.

Territory v. Gonzales, 68 Pac. 923.

As to whether or not due diligence has been exercised in preparation for trial, is a question upon which the decision of the trial court is presumed to always be correct.

State v. Whitton, 68 Mo. 91; Thompson v. State, 26 Ark. 323; 4 Ency. Pl. and Pr., 827, 901 and notes.

At common law a refusal to continue a case could not be assigned as error, and the common law is the rule of practice and decision in this Territory.

Compiled Laws N. M. 1897, sec. 3422.

A party must show by his affidavit what steps he has taken, if any, to secure the attendance of the absent witness or his deposition, or give a valid excuse for the want of such diligence as the law demands.

Territory v. Anderson, 4 N. M. 214-222; Territory v. Keeney, 3 N. M. 143-146; Territory v. Faulkner, 6 N. M. 465; Territory v. Yee Dan, 7 N. M. 439; Territory v. McFarlane, 7 N. M. 421; Territory v. Leary, 8 N. M. 180.

The defendant waived his right to object to the manner of exercising his peremptory challenges by waiving his last peremptory challenge. The right of challenge is to reject and not to select, and if an impartial jury is secured, it is all defendant can ask.

Hopt v. Utah, 120 U. S. 430; Spiess v. Ill.,

123 U. S. 168; Territory v. Young, 2 N. M. 103-104.

It was not necessary to prove an absolute driving or carrying away. Defendant was found in the possession of the animal, claiming ownership with his newly-made brand upon it.

Wilburn v. Territory, 10 N. M. 405; 2 Bishop, Crim. Law, sec. 794.

Under indictment for the larceny of a hog, evidence that defendant after shooting the hog, took hold of it and cut its throat was held to show an appropriation.

Croom v. State, 71 Ala. 14; State v. Sazell, 30 Mo. 92; Delk v. State, 64 Miss. 77; State v. Grant, 76 Mo. 236; Lundy v. State, 60 Ga. 143.

## STATEMENT OF FACTS.

On September 5, 1901, the grand jury of Valencia county, returned an indictment against one Pablo Padilla, charging him with the larceny of a horse, which offense was charged to have been committed within Valencia county, in the month of June, 1901. Defendant was arrested November 3, 1901, and was tried and convicted at the regular March term, A. D., 1902, of the district court held in said county.

Motion for new trial was duly made and argued, and overruled by the court, and the defendant was sentenced to five years imprisonment in the Territorial penitentiary and to pay a fine of $500.

An appeal to the Supreme Court of the Territory was prayed for and granted.

## OPINION OF THE COURT.

MILLS, C. J.—Eleven errors are assigned in the brief of appellant, but on the hearing before us, his attorney stated that he abandoned all but the first, sec-

ond and ninth assignments, and these are all of the
alleged errors assigned which are argued in the brief
presented to us.

Assignment No. 1 is as follows:

"The court erred in denying defendant's motion for
a continuance of this cause on account of the absence of
Antonio Jose Ortiz and Susano Ortiz, witnesses for
defendant." The regular term of the district court,
sitting within and for the county of Valencia, began,
according to the record on March 3, 1902; defendant was
arraigned on the same day and entered the plea of "not
guilty," and on March 6, 1902, the same being the fourth
day of the term, the jury was empanelled to try the
cause. On the following day, March 7, 1902, appellee
filed a motion and affidavit for continuance, which set
forth that he could not safely go to trial on account of
the absence of two witnesses. That on the fourth day of
March, 1902, subpoenas were issued for said witnesses,
and placed in the hands of the sheriff for service, but
that the witnesses were not found. The affidavit further
sets out what appellant believes the witnesses would
swear to if present.

Section 2986, of the Compiled Laws of 1897, pro-
vides for the granting of continuances in certain cases,
and provides what the affidavit which is filed in support
of the motion must contain. In the case at bar it will
be observed that the defendant was indicted on Septem-
ber 5, 1901, and that he was arrested on November 3,
1901. The court will take judicial notice of the fact, that
but two terms of the district court are held in Valencia
county in each year, and that consequently if a continu-
ance is granted in any cause which is to be tried by a
jury, that the case goes over for at least six months.

The record shows that in this case the defendant
was arraigned and entered a plea of not guilty on the
third day of March, 1902; the same being the first day
of the regular March term, and the case came on for
trial on March 6, 1902, and the jury was empanelled on

that day.  Up to this time no motion for continuance
had been filed by the appellant, nor was any filed until
the following morning.  We do not think that the affi-
davit filed for continuance shows that the defendant
used due diligence in attempting to get the witnesses
he desired to use at the trial of his case.  From the
date of his arrest, November 3, 1901, to the day of the
commencement of the March term, 1902, of the district
court for Valencia county, was a period of four months,
and during that time there was ample time for the de-
fendant to so arrange that his witnesses could be
reached by messenger or wire, and be present at the trial.
All the diligence that the defendant seems to have shown,
was the taking out of subpoenas on March 4, the day
after he was arraigned, requiring the witness to attend
forthwith.  Due diligence is a question upon which the
decision of the trial court is presumed to be correct.  4
Encyl. P. and P., p. 827, and cases cited.  As the grant-
ing or refusing of a continuance is in the discretion of
the trial court, this court will not review such discretion,
except in the case of gross abuse.

The judge who presides over a court, knows the con-
dition of his docket, the amount of money in the court
fund which is available for use for the trial of causes;
he sees the party who applies for a continuance and
altogether is in a better condition to judge as to whether
or not a continuance should be granted than an appel-
late court.  We do not believe that any judge who now
presides or has ever presided over any of the district
courts of this Territory, has been actuated by any mo-
tives, other than to give a defendant a perfectly fair
trial, and as he, in deciding on matters of continuance,
uses his discretion, we will not review and reverse such
decision, unless it is clearly grossly wrong.  "The court
below did not err in denying said continuance, which
was an exercise of its discretionary power."  Beall v.
Territory, 1 N. M. 507.

The second assignment of error is that relating to

the exercise of the challenges to the jury at the time they were empanelled. This assignment reads as follows:

"The court erred in requiring defendant to exercise peremptory challenges of the jury trying said cause, in the following order, to-wit: Territory, one challenge; defendant, two challenges; Territory, one challenge; defendant, two challenges; Territory, one challenge; defendant, one challenge."

A part of section 3404 of the Compiled Laws of 1897, relating to the manner of exercising peremptory challenges in criminal cases, reads:

"Provided, further, that no defendant shall be required to exercise any peremptory challenge as to any particular juror until the Territory shall have finally passed upon and accepted such juror."

We are of the opinion that the rule for exercising the peremptory challenges which was laid down by the court in this case is not in accordance with the laws of this Territory, and that if the defendant suffered any injury it would be error, which would cause a reversal of this case; but that if defendant did not it is a harmless error, and one for which a reversal should not be granted.

In cases of this nature our statutes give the Territory three challenges and the defendant five. The right is given to challenge peremptorily, so that an impartial jury can be secured to try a case; it is a right to reject and not to select. Hays v. Missouri, 120 U. S. 68, 71. And if an impartial jury is secured it is all that the defendant can ask. Spies v. Illinois, 123 U. S. 168; Territory v. Young, 2 N. M. 104.

As the record shows that the appellant had two peremptory challenges left and the appellee one, which they did not care to exercise, we are led irresistibly to the conclusion, that they were both satisfied that the jury was an impartial and fair one, for if such was not the case, why were not the other challenges exercised? We do not consider this case as overruling the cases of

Territory v. Barrett, 8 N. M. 77, and Territory v. Lermo, 8 N. M. 569. In this last case the judge who decided it says:

"The record and bill of exceptions in this case are in so bad a condition, and so carelessly prepared that it is almost impossible to ascertain with any degree of certainty just what was done."

From these cases we can not determine whether or not the defendant had any peremptory challenges left.

In the case of Territory v. Anderson, 4 N. M. 227, the court says:

"The record does not disclose that defendant exhausted his peremptory challenges, and therefore, in any event he was not harmed by the ruling of the court."

In the case at bar the record shows that the Territory had one and the appellant two peremptory challenges left, consequently while the manner of exercising challenges ordered by the court was erroneous, it was harmless error, and one which will not cause this case to be reversed. The third and last assignment of alleged error is numbered nine; and is, "The court erred in refusing to give instructions 1 and 2 asked by defendant." These requested instructions which were refused are:

"1. The jury are instructed that in this case the Territory has failed to prove that the defendant had in his possession, the colt which he is charged to have stolen, and therefore no crime has been committed, and you will find the defendant not guilty.

"2. The venue of the alleged offense not having been proven by the Territory, in this cause, which is necessary before conviction can be had, you will find the defendant not guilty."

These requested instructions substantially asked the court to instruct the jury to return a verdict of not guilty.

We have carefully read the instructions given by the court in this case, none of which are excepted to, and think that they cover all of the points involved

in the trial. Page 21 of the record shows that the witness Edward M. Otero, while on the stand testified in answer to a question put to him by the district attorney, he having previously testified that near the ranch where the Padilla's were he saw several colts, the one in question among the number, tied up or necked with burros: "I went up to Pablo Padilla and told him I wanted to know whose horses those were and he told me they were his; I says, whose brand have they got on, and he says, mine." In view of this and more evidence of a similar character from the witness, George Armijo, we fail to see how the court could have instructed the jury as requested in instruction 1, asked for by defendant.

As to the second instruction requested by appellant, it is true that the venue in criminal cases must be proved. In this very case the court instructed the jury to that effect, and the witness George Armijo testified that the Padilla ranch, where he saw the colt, was in the eastern part of Valencia county, and the witness J. Francisco Chaves testifies that Valencia county is in the Territory of New Mexico, consequently we think that the court properly refused to instruct the jury that no venue had been proved.

There is no reversible error in this case, and the same is therefore affirmed; and it is so ordered.

John R. McFie, A. J., concurs; Frank W. Parker, A. J., dissents; Baker, A. J., having tried this case below, did not participate in this decision.