[No. 1423, May 5, 1912.]

TERRITORY OF NEW MEXICO, Appellee, v. KELLY DOUGLAS, Appellant.

### SYLLABUS.

An instruction to the jury that, "if verbal admissions or conversations have been testified to in this case, it is proper for you in weighing such testimony, to take into consideration the imperfections, if they exist, which naturally belongs to such testimony;" held to comment on the weight of the evidence and therefore erroneous, under Sec. 2994, C. L. 1897.

Appeal from the District Court of Union County, before CLARENCE J. ROBERTS, Associate Justice.

H. S. CLANCY, Assistant Atty. General, for Appellee.

No error committed by the lower court in its instructions 5, 10, 12 and 13.   1 Bishop's New Criminal Law, Sec. 639; U. S. v. 18, Barrels, etc., 8 Blatchf. 478; 2 Wigmore on Evidence, sec. 952.

O. P. EASTERWOOD and HARRINGTON & MOORE, for Appellants in reply.

Error in giving instructions 10 and 12. 2 Wigmore on Evidence, sec. 952; Atherton v. Defreeze, 129 Mich. 364.

## OPINION OF THE COURT.

MECHEM, D. J.—The appellant was convicted of un-lawfully killing one head of neat cattle. He assigns error to the tenth paragraph of the charge to the jury which reads as follows:

"If verbal admissions of conversations have been testified to in this case, it is proper for you in weighing such testi-mony, to take into consideration the imperfections, if they exist, which naturally belong to such testimony. You may consider whether or not the conversations or admissions have been accurately heard or remembered and correctly detailed; the length of time that has intervened since such statements were made; the ability of the hearer to correct-ly understand and accurately remember, and correctly ex-press his recollection in apt and appropriate words, so as to convey the same meaning as was intended by the speaker, whether or not they are the exact words of the one who first used the language."

Counsel for appellant contend that this instruction is a comment upon the weight of the evidence.

The Territory relied solely upon the testimony of the witness Vernon, the only witness who saw the appellant shoot the animal. The appellant did not testify at the trial, nor was there any evidence that the appellant had made any admissions or held any conversations regarding the matter. The defense was limited to an attempt to discredit the testimony of the witness Vernon by witnesses who tes-tified that Vernon, subsequent to the killing had stated to them that he had no evidence against the appellant tending to connect him with the killing but merely suspected him and also that Vernon had made other statements in regard to the circumstances of the shooting inconsistent with his testimony at the trial. That the instruction was intended to refer to the testimony of the defendant's witnesses there can be no doubt. And if the instruction tended to disparage such testimony, no argument is required to establish beyond question that it was very prejudicial to the appellant.

Section 2994, C. L. of 1897 provides: "The court shall

instruct the jury as to the law of the case but shall not comment upon the weight of the evidence."

The instruction under consideration follows quite closely the following section from Greenleaf on Evidence, Sec. 200:

"With respect to all verbal admissions, it may be observed that they ought to be received with great caution. The evidence, consisting as it does in the mere repetition of oral statements, is subject to much imperfection and mistakes; the party himself either being misinformed, or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens, also, that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say. But where the admission is deliberately made and precisely identified, the evidence it affords is often of the most satisfactory nature."

Commenting upon a charge that the admissions of a party is regarded as "dangerous and liable to abuse" the Supreme Court of Texas said in Castleman versus Sherry, 42 Tex. 59, "such expressions as these, found in every treatise on evidence, are to be regarded as matters of argument rather than rules of evidence, having the force of law, upon which the court should instruct the jury."

Discussing an instruction which the court said was substantially a copy of Sec. 200, Greenleaf on Evidence, the Supreme Court of Indiana said: "We have no fault to find with that section as an abstract proposition but this court has several times held that to embody it in an instruction to the jury is erroneous, because the court thereby declares as a matter of law what ought to be left to the jury as a matter of fact. In speaking of embodying the text of law-writers in instructions, this court in the case of Garfield versus State, 74 Ind. 60, said: "It is not every statement of the law found in a text book or opinion of a judge, however well and accurately put, which can properly be embodied in an instruction. The processes of reasoning by which a conclusion is reached, if well made, are appropriate to be found either in text or opinion; but rarely if ever, is

it proper to deliver such reasoning to a jury in the form of instructions." Unruh v. State, 105 Ind. 118-120; 4 N. E. 453; Keith v. State, 61 N. E. 719; 2 Thompson on Trials, Sec. 2431.

To tell the jury that in considering the verbal admissions and conversations testified to before them, it was proper "to take into consideration the imperfections, if they exist, which naturally belongs to such testimony, "was not only commenting upon the weight of the evidence" but unfavorably commenting upon the weight of the only evidence in the case upon which the appellant relied.

For the trial judge to tell a jury that a certain act is proper for them to do is equivalent to telling them that the law makes it their duty to do it. To instruct a jury that certain evidence is naturally subject to imperfections is to tell them that in the eye of the law such evidence is weak and inferior as compared to other evidence as to which the law entertains no such presumptions.

It is true that the instruction in this case does not go as far as the instructions discussed in the cases above cited. In some the jury were told that they should receive the evidence of verbal admissions with "great caution" and in others that such evidence might be entitled to "little or great weight," but it would seem that the vice present in all of them and the instruction in this case, is that the presumption that evidence of verbal admissions, consisting as it must of repetition of oral statements, are subject to imperfection, is not a presumption of law or a rule of law but a matter of fact to be argued to the jury. Com. v. Gallegan, 113 Mass. 202; Kaufman vs. Maier, 94 Cal. 269-283; 29 Pac. 484; 18 L. R. A. 124.

The remaining assignments of error are not, in our opinion, well taken.

For the reason given, the judgment of the lower court will be reversed and the cause remanded with directions to award a new trial and it is so ordered.