[No. 2551.    June 24, 1921.]

### STATE v. MARES et al.

#### SYLLABUS BY THE COURT.

1.    Venue, like any other fact in a case, may be proven by circumstantial evidence.    P. 213

2.    The plea of former jeopardy must be interposed at the earliest opportunity, and, if not, it is waived, and cannot be raised for the first time after verdict.    P. 215

Appeal from District Court, Valencia County; M. C. Mechem, Judge.

Nicolas Mares and Manuel Cheyes were convicted of larceny of cattle, and they appeal.    Affirmed.

A. A. Sedillo, of Albuquerque, for appellants.

H. S. Bowman, Attorney General, and A. M. Edwards, Assistant Attorney General, for the State.

## OPINION OF THE COURT.

ROBERTS, C. J. Appellants were tried and convicted of the larceny of five head of neat cattle and appealed. The venue was laid in the indictment in Valencia county, and it is contended that the district court of that county was without jurisdiction, because the venue was not proven as laid in the indictment. The facts out of which this contention arises are as follows:

[1] The cattle were alleged to have been the property of Leopoldo Garcia. The evidence showed that Garcia lived in Valencia county, near the boundary line between that county and Bernalillo county, but not immediately adjoining the line. His ranges were shown to all be in Valencia county, and the evidence further established that the cattle were missed from such ranges and were found in the corral of a butcher named Trinidad Herrera near Albuquerque, in Bernalillo county. There was evidence to the effect that on the 10th day of December, 1918, appellant Cheyes drove five head of cattle from the home of the appellant Nicolas Mares, located in Bernalillo county, to the corral of Herrera, delivering the cattle to Herrera. The evidence is conflicting as to the brand upon the cattle. The evidence offered on behalf of the state was to the effect that the next morning after the cattle were delivered two or three witnesses saw them and identified the cattle as the property of the prosecuting witness, Garcia, and as having the brand of Garcia upon them. On behalf of the appellants it was testified that the cattle did not have Garcia's brand upon them, but the brand of the appellant Mares; that Mares had purchased the cattle unbranded from some Indians. And it is argued that because no witness saw the cattle taken from Valencia county, or in the possession of either of the appellants in

Valencia county, there was a failure on the part of the state to prove the venue as laid in the indictment. This contention, however, we think is without merit, because there was ample evidence to show that the cattle were the property of Garcia; that they were pastured upon his ranges in Valencia county and were driven therefrom by someone. Venue, like any other fact in a case, may be proven by circumstantial evidence, and the circumstances in this case shown by the evidence were amply sufficient to warrant the inference that the cattle had been stolen by the appellants in Valencia county.

The second contention advanced is that the state failed to prove that the appellants, or either of them, had any connection with the particular cattle involved in this cause, or that they had ever had the cattle in their possession. The basis for this argument rests upon the fact that Herrera, the man to whom the cattle were sold, testified that the cattle did not have Garcia's brand upon them, but only the brand of the appellant Mares; that they were delivered to him one evening at his corral. But there was evidence that the next morning two or three witnesses saw five head of cattle in Herrera's corral which had upon them Garcia's brand. The proof was to the effect that the cattle in the corral the next morning were the same cattle that were delivered by appellant Cheyes. This evidence justified the jury in concluding that Herrera and Cheyes had not told the truth about the cattle if they elected to believe the witnesses who testified as to seeing the cattle the next morning. It is true no witnesses testified to having identified these cattle as the property of Garcia while they were in the possession of either of the appellants, but there was evidence showing that these were the same cattle, or at least circumstances in evidence from which such fact could be inferred. This contention is therefore without merit.

[2]   It is lastly urged that appellant's plea of former jeopardy should have . been sustained.   It appears prior to the returning of the indictment in Valencia county appellants had been indicted in Bernalillo county, and after a portion of the evidence was introduced the court instructed the jury to return a verdict of not guilty, evidently based upon the assumption that the state had failed to prove venue in Bernalillo county.  But the plea in this case was not interposed until after the verdict of the jury had been returned. . The authorities hold that such a plea must be interposed at the earliest opportunity, and, if not, it is waived, and cannot be raised for the first time after verdict.   16 C. J. 418.   In the case of Territory v. Lobato, 17 N. M. 666, 134 Pac. 222, L. R. A. 1917A, 1226, defendant raised the question of former jeopardy in a motion for an instructed verdict at the conclusion of the state's case, and also later in a motion in arrest of judgment. We said :

"In the view we take of this question, it is not necessary for us to determine the question as to whether or not the defendant was placed in jeopardy by the swearing of the first jury, for the reason that the matter was not properly raised or presented to the court.   *   *   *

"When, as in this case, there is an opportunity to plead former judgment or jeopardy, and it is not pleaded, the case is as if there were no former judgment or jeopardy."

There being no error in the case, the judgment will be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.