415 P.2d 56

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Pat GLASSCOCK, Defendant-Appellant.**

**No. 7736.**

Supreme Court of New Mexico.

June 6, 1966.

Wright & Kastler, Raton, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Judge, Court of Appeals.

The appellant was prosecuted and found guilty in the district court of Mora County under a complaint charging that on April 30, 1964 and for some time prior thereto, he unlawfully stopped-up and interfered with the use of water belonging to the Acequia De Las Piedras Coloradas and did

take and use water belonging to the Acequia contrary to the provisions of § 75–7–4, N.M.S.A.1953. From the judgment and sentence, he has appealed.

The pertinent portion of § 75–7–4, supra, provides:

"The unauthorized use of water to which another person is entitled, or the wilful waste of water to the detriment of another or the public, shall be a misdemeanor. * * *"

Penalty for violating the above statute is contained in § 75–7–6, N.M.S.A.1953.

A number of questions are presented for review, including the contention that the evidence failed to establish venue.

Since the judgment must be reversed for failure of proof of venue, it is unnecessary to discuss the other questions raised by appellant.

The burden of proving venue rests upon the prosecution. Territory v. Padilla, 12 N.M. 1, 71 P. 1084. While it is not necessary to prove the fact of venue by direct evidence, there must be some evidence from which the fact may be found.

We have expressly held in State v. Mares, 27 N.M. 212, 199 P. 111, and State v. Nelson, 65 N.M. 403, 338 P.2d 301, that venue like any other fact may be proved by circumstantial evidence. In State v. Nelson, supra, we said:

"* * * when there is nothing in the record to raise an inference to the contrary, slight circumstances are sufficient to prove venue by a preponderance of the evidence. * * *"

It is clear that although the fact of venue need not be proven beyond a reasonable doubt in a criminal case, it must be established by at least a preponderance of the evidence to support a conviction.

We have carefully examined the record and have failed to find any evidence indicating where or in what county defendant committed any of the acts charged in the complaint.

The judgment is reversed with instructions to grant appellant's motion to dismiss the complaint.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.