567 P.2d 970
**STATE of New Mexico,**
**Plaintiff-Appellee.**

v.

**William Harvey WISE,**
**Defendant-Appellant.**

**No. 2950.**

Court of Appeals of New Mexico.

July 5, 1977.

Certiorari Denied Aug. 2, 1977.

Ken Cullen, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Roderick A. Dorr, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction for receiving stolen property. The property was recovered in Hobbs, Lea County, New Mexico. Trial was in Bernalillo County. Issues discussed are: (1) execution and return of the search warrant, (2) proof of venue, and (3) refused instructions on (a) venue, (b) verbal admissions, and (c) defendant as a witness.

*Execution and Return of the Search Warrant*

The affidavit for the search warrant was executed by two Albuquerque police officers. They presented the affidavit to a magistrate in Lea County. The magistrate issued a warrant "to any officer authorized to execute this warrant." Various officers participated in the search pursuant to the warrant. Various items of property were seized, including property involved in this conviction.

Laws 1967, ch. 245, § 1(C)—compiled as § 41–18–1(C), N.M.S.A.1953 (1st Repl.Vol. 6, Supp.1971)—provided: "The warrant shall be directed to a sheriff or his deputy or any

state or municipal police officer in the county." Laws 1967, ch. 245, § 2—compiled as § 41–18–2, N.M.S.A.1953 (1st Repl.Vol. 6, Supp.1971) was a statutory form for the search warrant. This form was addressed "to the sheriff or his deputy, or any state or municipal police officer in this county . . . ."

■ Defendant seems to argue that his motion to suppress should have been granted because the warrant was not directed either to a specific officer or not directed to an officer in Lea County. This claim is meritless. The above statutes were repealed by Laws 1972, ch. 71, § 18. The Rules of Criminal Procedure went into effect in 1972. Rule 17(b) states:

"(b) *Contents.* A search warrant shall direct a full-time salaried state or county law enforcement officer, a municipal police officer, a campus security officer, or an Indian tribal or pueblo law enforcement officer to conduct a search of a designated person or place for the purpose of seizing designated property or kinds of property, and to deliver any property so seized to the court."

Rule 17(c) states:

"(c) *Form.* A search warrant shall be substantially in the form approved by the Court Administrator."

The search warrant bears a notation that it was approved by the Court Administrator on October 1, 1974. The warrant is directed to any officer authorized to execute the warrant. This direction is consistent with Rule of Criminal Procedure 17(b). Under the applicable rules, the warrant need not be directed to a specific officer or to an officer in a specific county.

The Albuquerque police officers were municipal officers; Albuquerque is located within Bernalillo County. Defendant contends that Albuquerque police officers lack authority to execute a search warrant in Lea County. The State asserts that Rules of Criminal Procedure 17(b) and 17(c), considered in light of the repeal of Laws 1967, ch. 245, §§ 1 & 2, shows that the authority for execution of search warrants was meant to be enlarged.

■ The criminal procedure rules involved in this case state what officers may execute a search warrant; however, the rules say nothing about the geographical area within which the officers may execute the warrant. Rules 17(b) and (c) of the Rules of Criminal Procedure are not to be construed as a grant of authority to Albuquerque police officers to execute search warrants in Lea County. Although "in the county" references in Laws 1967, ch. 245, §§ 1 & 2 have been repealed, other statutes, still in force, contain geographical references and references to an officer's authority within the geographical area. See §§ 14–12–2(A)(2) and (B), 15–40–2, 15–40–14, 15–40–15.1, N.M.S.A.1953 (Repl.Vol. 3, pt. 2). However, it is not necessary to decide whether these, or other statutes, authorize Albuquerque police officers to execute a search warrant in Lea County.

A Hobbs police officer is a municipal police officer in Lea County. Under § 14–12–2, *supra*, a Hobbs police officer has authority to execute a search warrant in Lea County. Under § 39–1–2, N.M.S.A.1953 (2d Repl.Vol. 6), sheriffs and deputy sheriffs have authority, in their respective counties, to employ lawful means to "trace and discover" stolen property. Section 39–1–2, *supra,* authorizes a deputy sheriff to execute search warrants for stolen property. The search warrant was for the purpose of recovering stolen property.

■ The transcript shows that the Albuquerque police officers were working with the Lea County Sheriff and the Hobbs Police Department. One of the officers in charge of the search was a Hobbs police officer. A deputy sheriff and two or three Hobbs police officers participated in the search. Officers authorized to execute the warrant were present and participated in the search. In these circumstances it is immaterial whether the Albuquerque police officers had authority to execute the warrant because other officers, present and participating, did have the authority. The search warrant was validly executed. *Kirby v. Beto,* 426 F.2d 258 (5th Cir. 1970);

*People v. Daily,* 157 Cal.App.2d 649, 321 P.2d 469 (1958); *Seay v. State,* 93 Okl.Cr. 372, 228 P.2d 665 (1951); see *State v. Dudgeon,* 13 Ariz.App. 464, 477 P.2d 750 (1970).

Defendant claims the inventory in this case, required by Rule of Criminal Procedure 17(e), is too vague. He does not show in what way it is vague. The inventory before us is not vague. He claims that he was not given a receipt for the items seized as required by Rule of Criminal Procedure 17(d). The exhibits contain Wise's receipt for certain weapons and clothing. In addition, the "return and inventory" for other items bears defendant's signature that the inventory of these items was made in his presence. The contention of "no receipt" is no more than a technical objection. Defendant also claims that the property seized was not delivered to the magistrate issuing the warrant. See Rule of Criminal Procedure 17(b). Defendant does not show how he was prejudiced by having the property returned to Albuquerque, from where it was stolen, rather than being left with the magistrate in Lea County. *State v. Baca,* 87 N.M. 12, 528 P.2d 656 (Ct.App. 1974).

The motion to suppress was properly denied.

*Proof of Venue*

The venue, or place of trial, is in the county where the crime was committed. See N.M.Const., Art. II, § 14. However, if "elements of the crime were committed in different counties, the trial may be had in any county in which a material element of the crime was committed." Section 40A–1–15, N.M.S.A.1953 (2d Repl.Vol. 6); see *Norton v. Reese,* 76 N.M. 602, 417 P.2d 205 (1966).

Defendant asserts that the State failed to prove a material element of the crime occurred in Bernalillo County. The claim is frivolous; there is an abundance of evidence that the "receiving" occurred in Bernalillo County.

*Refused Instructions*

(a) Venue

The trial court instructed the jury on the elements of the crime. Defendant requested an instruction which read:

> "In addition to these essential elements, for you to find the defendant guilty of receiving stolen property, the State must prove to your satisfaction, beyond a reasonable doubt, that a material element of the crime was committed in Bernalillo County, New Mexico."

There are two reasons why refusal of this instruction was not error.

First, in case of a failure to instruct (as in this case), a correct written instruction must be tendered. Rule of Criminal Procedure 41(d); *State v. Romero,* 86 N.M. 99, 519 P.2d 1180 (Ct.App.1974). The requested instruction was incorrect because venue need not be proved beyond a reasonable doubt. *State v. Glasscock,* 76 N.M. 367, 415 P.2d 56 (1966); overruled on other grounds in *State v. Lopez,* 84 N.M. 805, 508 P.2d 1292 (1973).

Second, no instruction on venue is required. See discussion on venue in Committee Commentary to U.J.I. Criminal. Prior to the adoption of U.J.I. Criminal, the practice was to instruct on venue. See *Nelson v. Cox,* 66 N.M. 397, 349 P.2d 118 (1960). This practice is discontinued in U.J.I. Criminal Instructions; the element instructions do not refer to venue. The reason is that venue is not jurisdictional; rather it is a personal right or privilege of the accused which may be waived. *State v. Lopez, supra.* Being a personal right or privilege, an instruction on venue is not an instruction essential for a conviction. Rule of Criminal Procedure 41(a). The distinction is this—a defendant may insist on this personal right or privilege, and the correctness of a venue decision is reviewable to determine whether defendant was tried in the proper county; however, an instruction on venue need not be given because, so long as the crime occurred in New Mexico, the county of the crime is not a necessary jury determination.

(b) Verbal Admission

■ This requested instruction read:

"Verbal admissions should be received with caution and be subjected to careful scrutiny."

Refusal of this requested instruction was not error because this is not a rule of law; rather it is a matter for jury argument. *Territory v. Douglas,* 17 N.M. 108, 124 P. 339 (1912).

(c) Defendant as a Witness

■ The requested instruction read:

"The defendant is a competent witness in his own behalf, and when he testified in this case, became as any other witness, and his credibility is to be tested by and subject to the same tests as are legally applied to any other witness; and in determining the degree of credibility that shall be accorded to his testimony, the jury has the right to take into consideration the fact that he is interested in the result of the trial, his conduct and demeanor while on the witness stand, and whether he has been corroborated or contradicted by credible evidence or facts and circumstances in evidence in this case."

The giving of similar instructions have been approved. *State v. Wesson,* 83 N.M. 480, 493 P.2d 965 (Ct.App.1972). This approval has been given in cases where the claim was that defendant was prejudiced by the giving of the instruction. *Faulkner v. Territory,* 6 N.M. 464, 30 P. 905 (1892). The contention here is the reverse; defendant claims it was error to refuse to give the instruction. We disagree.

*Territory of New Mexico v. Romine,* 2 N.M. (Gild.) 114 (1881) indicates the requested instruction might be considered as a comment upon the weight of the evidence and states that the "wisest course in similar cases" is to instruct the jury generally on the credibility of witnesses. This "wisest course" is followed in U.J.I. Crim. 40.20; that general instruction was sufficient; it was not error to refuse to instruct on the credibility of the defendant as a witness. *State v. Smith,* 88 N.M. 541, 543 P.2d 834 (Ct.App.1975).

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.