2001-NMCA-067

34 P.3d 611

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Robert MALLOY, Defendant–Appellee.**

**No. 21,068.**

Court of Appeals of New Mexico.

June 15, 2001.

Certiorari denied, No. 27,019, Aug. 28, 2001.

## OPINION

BUSTAMANTE, Judge.

{1} The State appeals an order suppressing evidence obtained pursuant to a duly executed search warrant. The State contends that the trial court erred in determining that the delivery of a redacted affidavit for search warrant at the time of execution of the search warrant violated Rule 5–211(C) NMRA 2001, thus voiding the search warrant. We hold that the requirement of delivery of the affidavit for search warrant is ministerial and, without a showing of prejudice to the defendant, suppression is not warranted. We, therefore, reverse the trial court's order suppressing the evidence obtained pursuant to the search warrants.

## BACKGROUND

{2} The police were investigating possible charges of sexual exploitation of children by prostitution and contributing to the delinquency of minors. On December 17, 1998, District Judge Blackmer issued two search warrants, one for Defendant's home and car, and one for his office. At the same time, the State moved to seal the affidavits for the search warrants. The affidavits supporting the search warrants included details that could identify the alleged victims, details of Defendant's sexually explicit requests, and details of the manner and place proposed for exchange of information. In order to protect the ongoing investigation and the identity of the alleged victims, Judge Blackmer ordered that the narrative portions of the affidavits be partially and temporarily sealed.

{3} The search warrants were executed on December 17 and 18, 1998. The copy of the search warrants left with Defendant included the affidavits. However, the portions that had been sealed were redacted. On December 22, 1998, Defendant moved to partially unseal the affidavits. After a hearing on the issue, Judge Blackmer issued an order allowing Defendant copies of the affidavit, except that the names of the alleged victims and civilian witnesses were redacted. Defendant received the affidavits on January 15, 1999. He filed a petition for superintending control to the Supreme Court, requesting full disclo-

Patricia A. Madrid, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Appellant.

Ray Twohig, Ray Twohig, P.C., Albuquerque, NM, for Appellee.

sure of the affidavits. That petition was denied on February 3, 1999.

{4} On February 4, 1999, Judge Blackmer issued another search warrant for Defendant's home. The affidavit for that search warrant was also partially and temporarily sealed upon motion of the State. Again, Defendant moved to partially unseal the affidavit for the search warrant. Again, Defendant received copies of the affidavit with the names of the alleged victims and the civilian witnesses redacted.

{5} On February 16, 1999, Defendant was indicted by the grand jury on forty-one felony counts of sexual exploitation of children, criminal solicitation, and contributing to the delinquency of a minor. During the grand jury proceeding, the names of the alleged victims were released to Defendant.

{6} On October 25, 1999, Defendant moved to suppress all the evidence obtained pursuant to the search warrants. The motion was based on several claims, including that the affidavits in support of the search warrants did not provide probable cause for the searches and that the partial sealing of the affidavits prevented compliance with Rule 5–211(C). At the hearing on the motion, Defendant argued only that his motion was based on "the sealing issue."

{7} The trial court, District Judge Allen, determined that "there was ample reason to support the judges' [sic] decision to seal the affidavit if allowed under LR2–111." Judge Allen also found that Defendant "was not prejudiced as [a] result of the sealing nor were any of his constitutional rights violated as a result." The trial court, nevertheless, determined that the search warrants delivered to Defendant at the time of the search were void because they did not include complete, unredacted affidavits as required by Rule 5–211(C). Thus, the court determined, suppression was required. The State appeals.

## DISCUSSION

{8} The Fourth Amendment to the United States Constitution protects individuals and their property from unreasonable searches and seizures by the government. Thus, "[t]he essence of the fourth amendment ... is to safeguard the privacy and security of individuals against arbitrary invasion by governmental officials by imposing a standard of reasonableness upon the exercise of those officials' discretion." *City of Las Cruces v. Betancourt*, 105 N.M. 655, 657, 735 P.2d 1161, 1163 (Ct.App.1987). The exclusionary rule requires that evidence obtained in violation of this right to be free from unreasonable searches and seizures be excluded as trial evidence. *See State v. Snyder*, 1998–NMCA–166, ¶¶ 15–16, 126 N.M. 168, 967 P.2d 843. Thus, if the government acted unreasonably in obtaining the evidence, that evidence will be suppressed. *See City of Albuquerque v. Haywood*, 1998–NMCA–029, ¶ 9, 124 N.M. 661, 954 P.2d 93.

{9} A search warrant is used as a means to establish the reasonableness of an intrusion. "The purpose of a warrant is to safeguard individuals against arbitrary intrusion by police officers in the pursuit of suspected criminals." *State v. Bates*, 120 N.M. 457, 460–61, 902 P.2d 1060, 1063–64 (Ct.App. 1995). The warrant "interjects a detached and neutral decision maker between the police and the person to be searched." *State v. Gutierrez*, 116 N.M. 431, 434, 863 P.2d 1052, 1055 (1993). It " 'assure[s] the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search.' " *United States v. Gantt*, 194 F.3d 987, 990 (9th Cir. 1999) (quoting *United States v. Chadwick*, 433 U.S. 1, 9, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977)). Thus, the requirement for a warrant prior to government intrusion is a matter of constitutional import. The question here concerns state-imposed procedures for obtaining and executing a search warrant and whether those procedures are of such constitutional import that failure to strictly comply with them requires suppression of the evidence obtained.

{10} Rule 5–211 codifies the procedural requirements for issuance and execution of a search warrant in New Mexico. The rule provides who and what a warrant may be issued for. Rule 5–211(A). It provides who may execute the warrant, what the warrant shall contain, and when it can be executed. Rule 5–211(B). It provides that

"a copy of the affidavit for search warrant, and the search warrant and a copy of the inventory of the property taken" shall be given to the person from whom or from whose premises property is taken. Rule 5–211(C). It provides that a return with an inventory of the property taken shall be made after execution. Rule 5–211(D). Finally, it provides for the manner in which probable cause for the warrant is to be determined. Rule 5–211(E). Here, there is no question that a portion of the affidavits for search warrants was redacted with the approval of the district judge, and it was the redacted affidavits that were presented to Defendant at the time of the execution of the warrants. We assume without deciding that by providing the redacted affidavits, the executing officers fell short of strict compliance with the language of Rule 5–211(C). The question is the remedy. Defendant argued, and the trial court agreed, that because this procedural requirement was not fully performed, it had to declare the warrant invalid, and therefore, the evidence must be suppressed.

{11} We disagree. We believe that the policy behind the rule calls for a less drastic remedy. The rule should be interpreted in light of the policies underlying the warrant requirement—to provide the property owner assurance and notice during the search. Because Rule 41 of the Federal Rules of Criminal Procedure is similar to Rule 5–211, we find the federal authorities persuasive. We agree that there are two kinds of violations of the search warrant rule: those that are fundamental and those that are merely technical. *United States v. Negrete–Gonzales,* 966 F.2d 1277, 1283 (9th Cir. 1992). Fundamental violations are those that render the search unconstitutional under traditional Fourth Amendment standards. *Id.* They require suppression. *Id.* Technical violations require suppression only if the defendant can show prejudice or if there was a deliberate disregard of the rule by the police. *Id.* Not all the procedures set forth in Rule 5–211 are of such constitutional import that suppression of the evidence necessarily follows in each and every case. Some procedures can reasonably be viewed as ministeri-

al. *United States v. McKenzie,* 446 F.2d 949, 954 (6th Cir.1971).

{12} Following the general rule, our cases have held that ministerial acts concerned with the technical procedure for executing and returning a search warrant do not necessarily undercut the validity of the search warrant if the warrant otherwise conforms with the rule. *See State v. Elam,* 108 N.M. 268, 271–72, 771 P.2d 597, 600–01 (Ct.App. 1989); *State v. Wise,* 90 N.M. 659, 661, 567 P.2d 970, 972 (Ct.App.1977); *State v. Baca,* 87 N.M. 12, 14–15, 528 P.2d 656, 658–59 (Ct.App.1974); *State v. Perea,* 85 N.M. 505, 509–10, 513 P.2d 1287, 1291–92 (Ct.App. 1973). *See generally* 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment,* § 4.12 (3d ed. 1996 & Supp.2000). In each of these cases, obligatory procedures set forth in the rule were not followed. The procedures were found, however, to be ministerial acts that did not affect the validity of the search warrant. We stated in those cases that absent a showing of prejudice to the defendant from the failure to comply with the procedure, suppression was not required.

{13} Defendant points out that the language of the rule required that the person being searched *shall* be given a copy of the affidavit along with the search warrant and inventory, and Defendant emphasizes that use of the word "shall" indicates it is mandatory. *See State v. Lujan,* 90 N.M. 103, 105, 560 P.2d 167, 169 (1977). While we recognize that mandatory language has been used in the rule, that does not convert noncompliance with the rule into a violation of the constitution. The rule also uses the word "shall" in regard to the return after execution: The return shall be made promptly after execution of the warrant." Rule 5–211(C). Yet, we have held that such matters are ministerial. *See Baca,* 87 N.M. at 14–15, 528 P.2d at 658–59; *Perea,* 85 N.M. at 509–10, 513 P.2d at 1291–92. Likewise, the rule uses the word "shall" in regards to who is to execute the warrant. In *Elam,* 108 N.M. at 271, 771 P.2d at 600, and *Wise,* 90 N.M. at 661, 567 P.2d at 972, we interpreted that requirement in such a manner as to allow the search warrant to be executed by those not listed in

the rule so long as authorized officers were present during the execution. Thus, use of the word "shall" by itself does not make lack of strict compliance with this requirement a constitutional violation requiring suppression.

{14} *State v. Montoya*, 86 N.M. 119, 520 P.2d 275 (Ct.App.1974), cited by Defendant, does not require a different result. First, *Montoya* is not a decision of this Court. *See Silva v. City of Albuquerque*, 94 N.M. 332, 333, 610 P.2d 219, 220 (Ct.App.1980) (holding opinion in which one judge of the Court of Appeals concurred in the result and another judge dissented has no precedential value). Second, Judge Sutin's opinion in *Montoya* appears to be based on the fact that the search warrant was void on its face because it did not include an instruction to the executing officers to return the search warrant and inventory. Thus, he believed that when there was a total failure to make any return and a total failure to make an inventory, the search was invalid. Judge Sutin was not concerned with minor defects in form, which would be considered ministerial. Instead, his concern was with the return and inventory, which he believed were necessary to make the warrant valid. Third, there were a number of defects in *Montoya*, including a complete failure to provide an inventory and return of the warrant. In the present case, the police provided Defendant with a copy of the affidavit for search warrant; the only alleged noncompliance with the rule concerns the redacted portions.

{15} We find Judge Hendley's partial dissent in *Montoya* persuasive. In it, he points out that the purpose for the return and inventory is to provide defense counsel access to the search warrant and to protect the target of the search from having his property stolen or misplaced by police. *Montoya*, 86 N.M. at 124, 520 P.2d at 280 (Hendley, J., dissenting in part and concurring in part). These are beneficial goals and should be met by the police. But that does not give those goals constitutional dimension. Judge Hendley determined that the defects in *Montoya* were simply ministerial, and thus, their violation did not make the search warrant invalid. We believe that the same can be said for the search warrant affidavit in this case.

{16} The purpose of an affidavit is to establish probable cause for the search and seizure. A showing of probable cause, as set forth in the rule is constitutionally mandated. However, there is nothing in the constitution requiring that all the supporting evidence appear with the warrant when the warrant is served. *See Commonwealth v. Gauthier*, 425 Mass. 37, 679 N.E.2d 211, 215 (1997). That requirement is a matter of procedural rule.

{17} Contrary to Defendant's argument at the suppression hearing, the person subject to the search has no right to resist the search warrant or question probable cause at the time the warrant is executed. *See State v. Hatton*, 116 Ariz. 142, 568 P.2d 1040, 1046 (1977) (in banc); *cf. Fugere v. State, Taxation & Revenue Dep't*, 120 N.M. 29, 36, 897 P.2d 216, 223 (Ct.App.1995). Thus, failure to provide the person searched, at the time of the search, with the statement supporting probable cause does not implicate a constitutional right to be free from unreasonable searches. Thus, providing the affidavit for search warrant at the time of execution of the warrant is a ministerial act. Even if the defendant does not have the affidavit, at that time, that alone would not prevent the defendant from challenging probable cause for the warrant at a later time. *Cf. State v. Doe*, 92 N.M. 100, 102–03, 583 P.2d 464, 466–67 (1978).

{18} Defendant argues that Rule 5–211(C) provides a notice requirement which is essential to the protection of the constitutional right. We agree that providing a copy of the search warrant gives the person to be searched notice of the officer's authority and what the officer is entitled to seize. *Gantt*, 194 F.3d at 990. However, Defendant was given a complete copy of the warrant and there is no question that he was sufficiently informed of the officer's authority and what he was entitled to seize. The affidavit in support of the search warrant was not necessary for this purpose. Thus, we do not believe that providing an unredacted affidavit for search warrant is constitutionally required to satisfy any notice requirement that there may be with regard to a search.

{19} We note that the search warrant form adopted by our Supreme Court refers to the affidavit for search warrant for description of the place or person to be searched and the things to be taken. Rule 9–214 NMRA 2001. Thus, in New Mexico, while the search warrant supplies the officers' authority, it is the affidavit that provides a description of what is to be taken and from where. That does not mean, however, that the complete affidavit is necessary at the time of execution. The notice requirement can be satisfied in appropriate circumstances, as it was here, by providing a partial affidavit addressing place, person and things to be taken.

{20} In the case before us, there is no question that Defendant was provided with the search warrants and, therefore, had notice of the officers' authority. He was also provided with redacted affidavits that showed what the officers were entitled to seize and from where. Under the facts of this case, the complete affidavits were not necessary to give Defendant notice of the officers' authority to search and seize property. *Cf. State v. Jones*, 1998–NMCA–076, ¶¶ 19–20, 125 N.M. 556, 964 P.2d 117 (stating the rule regarding substantial compliance with notice requirements).

{21} Because delivery of the affidavit for search warrant at the time of execution does not bear consequences of constitutional dimension, it follows that delivery of a redacted version does not automatically lead to the constitutional remedy of suppression. Incomplete performance will result in suppression only if Defendant can show he was prejudiced or that the State acted in bad faith. Although Defendant argues some vague notions of prejudice, he was not successful below and is likewise unsuccessful on appeal. The trial court found that Defendant was not prejudiced by the delivery of redacted affidavits. We agree with that determination. Mere assertion of prejudice is not a showing of prejudice. *See In re Ernesto M., Jr.*, 1996–NMCA–039, ¶ 10, 121 N.M. 562, 915 P.2d 318.

{22} Defendant also argues that when the State sealed the affidavit and failed to provide the affidavit at the time of execution, the State engaged in a deliberate and unnecessary—essentially bad faith—violation of the rule. Defendant argues that there were a number of ways that the affidavit could have been written so that it did not have to be sealed. While we agree that there were ways to write the affidavit to protect victims and witnesses and yet still provide probable cause, Defendant does not persuade us that the affidavit was written for the purpose of denying Defendant his right to be free from unreasonable searches and seizures. The affidavit contains substantial detail. The alleged victims and witnesses are identified by name, and thus it ultimately provides Defendant greater detail and credibility to the statement support of probable cause. *Cf. In re Shon Daniel K.*, 1998–NMCA–069, ¶ 9, 125 N.M. 219, 959 P.2d 553 (arguing that affidavits which disclose the identity of informants who proffer specific information are presumed reliable and credible). If the affidavits had been written as urged by Defendant to remove any identification of the alleged victims, this might have left the affidavit open to an attack for lack of probable cause. The level of detail in the affidavits acted to protect Defendant's constitutional right to be free from unreasonable searches and seizures rather than to infringe upon that right. We see no evidence of bad faith on the part of the police, and the trial court made no such finding.

{23} We hold that the requirement set forth in Rule 5–211(C) providing the person to be searched with a copy of the affidavit for search warrant is a ministerial act that does not affect the underlying validity of the search warrant unless the defendant can demonstrate prejudice or that it was a deliberate, unnecessary violation of the search warrant rule in bad faith. Because Defendant in the case at bar demonstrated neither prejudice nor bad faith, the district court abused its discretion in ordering the evidence suppressed. Accordingly, the order must be reversed.

**CONCLUSION**

{24} We reverse the order of the district court suppressing the evidence seized as a result of the execution of the search war-

228

rants. We remand this matter to the district court for further proceedings.

{26} IT IS SO ORDERED.

WE CONCUR: RICHARD C. BOSSON, Chief Judge and IRA ROBINSON, Judge.