MAES, Justice (specially concurring). {28} I agree with the majority opinion that the search in this case did not violate Rule 5-211(B) NMRA because the Albuquerque Police Department (APD) performed a protective sweep of Defendant’s home prior to 10:00 p.m. to ensure that the home would be unoccupied when the search warrant was served. I further agree with the majority opinion that the search in this case did not violate the New Mexico or United States Constitutions because “APD obtained a warrant and executed it in a constitutionally reasonable manner.” Accordingly, I agree in the result reached by the majority, which reverses the district court’s order of suppression and remands for further proceedings. {29} Although the foregoing analysis completely disposes of Defendant’s claims on appeal, the majority opinion proceeds to state in paragraph twenty-two that it expressly rejects “the proposed exceptions to the rule offered by the State such as lack of bad faith on the part of the police, lack of prejudice to Defendant, or substantial compliance. Such after-the-fact justifications have no place in determining compliance with Rule 5-211(B).” It is well established that legal conclusions “unnecessary to the decision of the issues before the court” constitute dicta, which is “not binding as a rule of law.” Rocky Mountain Life Ins. Co. v. Reidy, 69 N.M. 36, 40, 363 P.2d 1031, 1035 (1961). Because “[t]his court does not give advisory opinions,” Bell Tel. Labs., Inc. v. Bureau of Revenue, 78 N.M. 78, 84, 428 P.2d 617, 623 (1966), this portion of the majority opinion, which lacks legal analysis or support, is improper. {30} I would leave open the question of whether a technical violation of Rule 5-211(B), one which does not involve the heightened privacy or safety concerns animating the prohibition on nighttime searches, requires the suppression of relevant evidence. See State v. Malloy, 2001-NMCA-067, ¶ 11, 131 N.M. 222, 34 P.3d 611 (“Technical violations [of Rule 5-211] require suppression only if the defendant can show prejudice or if there was a deliberate disregard of the rule by the police.”); 1 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 1.5(b) (4th ed. 2004) (noting that, in the absence of a constitutional violation, the exclusionary rule applies to the violation of court rules only if “the violation significantly affected * * * the defendant’s substantial rights” (internal quotation marks omitted)). In the absence of a case or controversy, it is premature for this Court to speculate on how it would rule on such an issue. Therefore, I specially concur in the majority opinion.