This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date:   June 23, 2016**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. S-1-SC-34858**

**MATTHEW SLOAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
Lisa B. Riley, District Judge

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

### DISPOSITIONAL ORDER OF REVERSAL

**VIGIL, Justice.**

{1}     This direct appeal having come before the full Court, the Justices having read the briefs of the parties and otherwise having fully informed themselves on the issues and applicable law as raised by the parties; and

{2}     All of the Justices having concurred that there is no reasonable likelihood that a written decision or opinion would affect the disposition of this appeal or advance the law of the state;

**IT IS, THEREFORE, ADJUDGED THAT:**

{3}     Defendant appeals from his convictions for felony murder, burglary, and tampering with evidence. Defendant raises three issues on appeal. Defendant's first issue raises a number of challenges to the jury instructions as a matter of fundamental error. Defendant's second issue raises a claim of ineffective assistance of counsel arising from the erroneous jury instructions given in this case. And Defendant's third issue challenges the district court's denial of Defendant's motion to suppress evidence based on Defendant's claims of a faulty search warrant process. For the reasons that follow, we reverse Defendant's convictions for felony murder and burglary, affirm his conviction for tampering with evidence, and remand for a new trial.

**Defendant's Convictions for Felony Murder and Burglary Must Be Reversed and Remanded for a New Trial Because of Errors in the Instructions Given to the**

**Jury**

{4} Defendant argues that the jury was erroneously instructed because (1) the essential elements instruction for the felony murder charge did not include the essential elements of the predicate offense of attempted armed robbery; (2) the intoxication instruction given with the felony murder charge also refers to attempted armed robbery but fails to accurately set forth the intent element for that crime; (3) the duress instruction given to the jury refers to both attempted robbery and armed robbery but does not define either crime; (4) the aggravated burglary instruction uses armed robbery as the predicate offense but does not set forth the elements of the crime; (5) the intoxication instruction given with the aggravated burglary charge refers to an unparticularized felony and refers to "theft" even though theft was not included as a basis for aggravated burglary; and (6) the lesser-included offense of burglary uses robbery as the predicate felony even though the court did not provide the jury with the essential elements for that crime.

**Felony Murder and Related Instructions Fail to Provide the Essential Elements for the Predicate Offense of Attempted Armed Robbery**

{5} The State concedes error in the felony murder instruction because the essential elements of the predicate offense, attempted armed robbery, were not given. And although the intoxication and duress instructions that were given with the felony

3

murder instruction reference the predicate felony of attempted armed robbery, neither of those instructions sets forth the essential elements for attempted armed robbery.

{6} We agree that the felony murder instruction was erroneous. As Use Note 3 to UJI 14-202 NMRA provides, the jury must be instructed on the essential elements of the predicate offense for felony murder. There is no dispute that attempted armed robbery was the predicate offense at issue in this case and that the jury was not instructed on the essential elements for that offense. As such, notwithstanding any failure to object to the adequacy of the instructions that were given, we agree with Defendant's contention—and the State's concession—that the failure to instruct the jury on the essential elements of the predicate felony of attempted armed robbery amounts to fundamental error requiring the reversal of Defendant's felony murder conviction and remand for a new trial on that charge. *See State v. Contreras*, 1995-NMSC-056, ¶ 17, 120 N.M. 486, 903 P.2d 228 (recognizing that, when armed robbery is the predicate felony for felony murder, proof of armed robbery is a necessary element of felony murder); *State v. Barber*, 2004 NMSC-019, ¶ 20, 135 N.M. 621, 92 P.3d 633 (recognizing that the failure to instruct the jury on an essential element is ordinarily fundamental error even when the defendant fails to object); *see also* UJI 14-1621 NMRA (providing the essential elements for armed robbery); UJI 14-2801

4

NMRA (providing the essential elements for attempt to commit a felony). Because we reverse Defendant's felony murder conviction on this basis, we need not address Defendant's claims that the felony murder instruction also failed to include an element related to his defenses of intoxication and duress.

**Defendant's Claim of Error By the Aggravated Burglary Instruction Is Moot**

{7}     Defendant also argues that the aggravated burglary instruction given to the jury was erroneous because it too used attempted armed robbery as the predicate felony but failed to set forth the essential elements of that crime. But as the State points out, Defendant was implicitly acquitted of aggravated burglary when the jury convicted Defendant of the lesser-included offense of burglary. We therefore agree that any claimed error on this point is moot and need not be addressed further. *See State v. Melton*, 1984-NMCA-115, ¶ 14, 102 N.M. 120, 692 P.2d 45 (noting that claims of instructional error need not be addressed when related to a charge upon which the jury acquitted).

**The Instructional Errors Related to Defendant's Burglary Conviction Require Reversal**

{8}     As the parties note, "[b]urglary is a specific intent crime." *See State v. Jennings*, 1984-NMCA-051, ¶ 14, 102 N.M. 89, 691 P.2d 882. Although the intoxication instruction given to the jury for aggravated burglary provided the jury should acquit

Defendant if it found that he was too intoxicated to form the specific intent, the jury was not similarly instructed with regard to the non-aggravated burglary charge. But as the State concedes, the failure to instruct the jury in this regard was error because burglary is also a specific intent crime for which the defense of intoxication also applies. *See* UJI 14-5111 NMRA Use Note 1. We therefore agree that Defendant's burglary conviction must be reversed and remanded for a new trial. *See State v. Leyba*, 2012-NMSC-037, ¶ 44, 289 P.3d 1215 (recognizing that UJI 14-5111 must be given as an element of the offense for which intent can be negated rather than as a separate instruction). Because his burglary conviction is reversed on this basis, we need not address Defendant's other claimed errors with regard to the burglary charge itself.

**Claims of Ineffective Assistance of Counsel Need Not Be Addressed**

{9}     Defendant's claims of ineffective assistance of counsel relate to trial counsel's failures to properly object to the instructional defects discussed above. But because we have already concluded that Defendant's convictions for felony murder and burglary must be reversed because of instructional error, Defendant's claims of ineffective assistance of counsel will not provide him with any greater relief. We therefore do not address his ineffective assistance of counsel issues any further. *See generally State v. Almanza*, 2007-NMCA-073, ¶ 5, 141 N.M. 751, 160 P.3d 932

6

(recognizing that an appellate court will not address other issues that will not result in greater relief than that afforded by issues upon which relief is already granted).

**The District Court Did Not Err in Denying Defendant's Motion to Suppress Evidence Based on Technical Defects in the Search Warrant Process**

{10}    Although the reversal of Defendant's convictions for felony murder and burglary makes it unnecessary to address his suppression issue to the extent it implicates those convictions, Defendant's claims of erroneous jury instructions and ineffective assistance of counsel do not relate to his tampering with evidence conviction. We will therefore proceed to address whether the district court's denial of Defendant's motion to suppress evidence was error that would require the reversal of his conviction for tampering with evidence.

{11}    During the second day of trial, defense counsel first challenged the validity of the search warrant on the basis that (1) the search warrant was dated December 31, 2011, even though the victim was not killed until January 2, 2012, and (2) the detective did not sign the statement of probable cause prior to the issuance of the search warrant and only did so after the warrant was issued upon direction by the judge who issued the warrant to do so. With regard to the matter of the date on the warrant, Detective Naylor testified that the incorrect date was a typographical error. The detective testified that he took the warrant application to the warrant judge at her

7

house early on the morning of January 4, 2012. At that time, the detective testified that the judge placed him under oath and he swore that the contents of the search warrant affidavit were true. Later that day, the detective testified that another officer told him he had forgotten to sign the search warrant application, at which time he contacted the issuing judge to ask her what to do about it. The detective testified that the judge noted that he had been sworn in by her and advised him to sign it and submit it to the clerk's office, which he immediately did.

{12}     We agree with the State that the constitutional requirements for a search warrant, namely an oath or affirmation and written statement of probable cause, were met in this case. *See* U.S. Const. amend. IV; N.M. Const. art. II, § 10. Suppression for technical violations in securing and executing a search warrant is only required when "the defendant can show prejudice or if there was a deliberate disregard of the rule." *See State v. Malloy*, 2001-NMCA-067, ¶ 11, 131 N.M. 222, 34 P.3d 611. We agree with the State that no such showing has been made in this case. We therefore hold that the district court did not err in denying Defendant's motion to suppress. *Id.* at ¶ 23 (concluding that there is no reason to suppress evidence obtained pursuant to a search warrant notwithstanding technical violations without a showing of prejudice to the defendant or a deliberate violation of the rule).

# CONCLUSION

{13}     Because the district court did not err in denying Defendant's motion to suppress and Defendant has not raised any other claims of error with regard to his tampering with evidence conviction, that conviction is affirmed. For the reasons set forth above, however, Defendant's felony murder and burglary convictions must be reversed because of errors in the jury instructions that amounted to fundamental error. And because Defendant has not challenged the sufficiency of the evidence to support his convictions for felony murder and burglary, this case is remanded to the district court for a new trial on those charges.

{14}     **IT IS SO ORDERED.**


_____
**BARBARA J. Vigil, Justice**


_____
**CHARLES W. DANIELS, Chief Justice**


_____
**PETRA JIMENEZ MAES, Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

_____

**JUDITH K. NAKAMURA, Justice**