# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2020-NMSC-017

Filing Date: July 23, 2020

No. S-1-SC-37555

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**GABRIEL SANCHEZ,**

Defendant-Appellee.

**INTERLOCUTORY APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Judge**

Released for Publication December 15, 2020.

Hector H. Balderas, Attorney General
Margaret Jayne Crabb, Assistant Attorney General
John J. Woykovsky, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
E. Craig Hay, III, Assistant Public Defender
Sydney K.L. West, Assistant Public Defender
Santa Fe, NM

for Appellee

## OPINION

**VIGIL, Justice.**

**{1}** Defendant Gabriel Sanchez was indicted for first-degree murder, tampering with evidence, and aggravated burglary in connection with the death of William Jimerson. In two pretrial orders, the district court 1) suppressed evidence consisting of the contents of Sanchez's cell phone because the extraction of those contents violated the

requirement under Rule 5-211(C) NMRA that a warrant be executed within ten days of its issuance and 2) excluded several pieces of Rule 11-404(B) NMRA evidence, including evidence of a fire at Jimerson's home allegedly set by Sanchez the night before Jimerson's death. The State filed an interlocutory appeal pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972) (allowing the State to file an interlocutory appeal of an order suppressing or excluding evidence), and *State v. Smallwood*, 2007-NMSC-005, ¶ 11, 141 N.M. 178, 152 P.3d 821 (holding that the Supreme Court has exclusive jurisdiction over interlocutory appeals in cases in which the defendant may be sentenced to life imprisonment). Following oral argument, and to allow the proceedings below to continue, we issued an order reversing the district court's suppression of the evidence from the cell phone and affirming the district court's exclusion of evidence of the fire allegedly set by Sanchez. We issue this opinion to explain our holdings.

**{2}** First, we conclude that when a warrant is issued to search an electronic device, that warrant is executed when the device is seized or the data is copied on-site, which must occur within Rule 5-211(C)'s ten-day time limit. Rule 5-211(C)'s ten-day time limit applies only to the seizure of the device and not any subsequent data extraction or review. Because Sanchez's cell phone had already been seized by the police when the police obtained the warrant to search the phone, it was not a violation of Rule 5-211(C) for the police to successfully unlock the phone and extract its contents after the ten-day time limitation in the rule. Accordingly, we reverse the district court's suppression of the evidence obtained from the cell phone. Second, because no admissible evidence connected Sanchez to the fire at Jimerson's home, we conclude that the district court did not abuse its discretion by excluding evidence of the fire.

## I.    MOTION TO SUPPRESS CELL PHONE EVIDENCE

**{3}** We first address the State's argument that the district court erred by granting Sanchez's motion to suppress evidence consisting of the contents of Sanchez's cell phone. For the reasons that follow, we agree with the State and reverse the district court's suppression of that evidence.

## A.    Background

**{4}** The investigation in this case began on December 18, 2017, when Jimerson was found dead in his home from multiple gunshot wounds to the head. New Mexico State Police (NMSP) Agent Joey Gallegos learned that Jimerson had called the police the day before to report a fire at his home that he believed Sanchez had set. Jimerson thought that Sanchez wanted to kill him because of his relationship with Sanchez's ex-fiancé. Agent Gallegos spoke to Sanchez's ex-fiancé and learned that Sanchez had previously threatened and attacked Jimerson.

**{5}** Later that day, Santa Clara Tribal Police informed NMSP that Sanchez was in a residence on the Santa Clara Pueblo. NMSP obtained a warrant from Santa Clara Pueblo Tribal Court to search the residence and remove Sanchez from the Pueblo. Pursuant to the search warrant, police seized a cell phone, among other items.

**{6}** The next day, December 19, 2017, Agent Gallegos obtained a warrant to search Sanchez's phone. NMSP Agent Andrew Jorgenson took the cell phone to the Regional Computer Forensic Laboratory (RCFL) to make a digital copy of the phone's contents but was unable to bypass the lock code on the phone. Agent Jorgenson then returned the phone to the NMSP evidence vault.

**{7}** The cell phone remained in the NMSP evidence vault until November 2018, when Agents Gallegos and Jorgenson learned that the technology used to extract data from cell phones at the RCFL had been updated and could potentially bypass the lock code. On November 5, 2018, Agent Jorgenson took the cell phone back to the RCFL and was able to unlock it. He extracted the phone's contents and stored them on an external hard drive, which was placed in the NMSP evidence vault along with the cell phone.

**{8}** In December 2018, NMSP Agent Jesse Whittaker took over the investigation from Agent Gallegos. When Agent Whittaker took over the case, Agent Gallegos told him that he should obtain a warrant to search Sanchez's phone. On December 26, 2018, Agent Whittaker filed an affidavit for a new search warrant. In support of the warrant, Agent Whittaker copied Agent Gallegos's affidavit and indicated Agent Gallegos as the original affiant. He further stated that officers had been "able to forensically by-pass the password and preserve the evidence from the device" in November 2018, but that the contents had not yet been reviewed. Agent Whittaker obtained a second search warrant for Sanchez's phone on December 26, 2018. After that warrant was issued, Agent Jorgenson filed a return and inventory stating that NMSP had seized a digital copy of Sanchez's phone on November 5, 2018, pursuant to the search warrant obtained on December 26, 2018.

**{9}** On January 8, 2019, the State filed a motion to continue the trial, mentioning the large number of text and media messages, calls, search logs, and numerous other files recently extracted from Sanchez's cell phone. Sanchez subsequently filed a motion to suppress the evidence extracted from his cell phone, raising two arguments. First, Sanchez claimed that the extraction of the data from his cell phone on November 5, 2018, was a warrantless search because it occurred eleven months after the first warrant was issued on December 19, 2017, but before the second warrant was issued on December 26, 2018. Sanchez argued that this violated Rule 5-211(C), which provides that a warrant must be executed within ten days after its issuance. Second, Sanchez contended that the information in the warrant issued on December 19, 2017, was stale and did not support probable cause to search his phone. He argued that a year had passed and the investigation in that time had revealed new facts which should have been presented in Agent Whittaker's affidavit in support of the warrant issued on December 26, 2018. In response, the State's primary contention was that the warrant issued on December 19, 2017, was still valid when the data was extracted from Sanchez's phone.

**{10}** At the hearing on the suppression motion, the district court rejected Sanchez's probable cause argument and concluded that the affidavits provided probable cause to search the cell phone. The district court instead granted suppression of the contents of

the cell phone based on Sanchez's argument that Rule 5-211(C) required police to execute the search warrant within ten days of its issuance. In a written order, the district court found that police obtained a warrant to search Sanchez's cell phone on December 19, 2017, and searched that phone when they extracted its data on November 5, 2018. The district court concluded that, pursuant to Rule 5-211(C), the warrant did not authorize the search because the search was conducted eleven months after the police obtained the warrant. Accordingly, the district court concluded that the search of the cell phone was warrantless and granted Sanchez's motion to suppress. In this interlocutory appeal, the State seeks review of the district court's order suppressing the evidence extracted from the cell phone.

## B.    Standard of Review

**{11}**    On appeal, there is no dispute that a warrant was required to search Sanchez's phone. *See Riley v. California*, 573 U.S. 373, 401 (2014) ("Our holding . . . is not that the information on a cell phone is immune from search; it is instead that a warrant is generally required before such a search[.]"). Additionally, Sanchez did not challenge the seizure of his phone pursuant to the Santa Clara Pueblo warrant or argue that the first warrant to search his phone was invalid for any reason when issued on December 19, 2017. Instead, the only issue before us in the State's interlocutory challenge to the district court's order is whether the delay in extracting the data from the phone violated the ten-day time limit of Rule 5-211(C).

**{12}**    Review of suppression rulings generally "presents a mixed question of law and fact. We review factual determinations for substantial evidence and legal determinations de novo." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation marks and citation omitted). In this case, the issues do not turn on factual disputes but instead on the interpretation of Rule 5-211(C), a legal question that we review de novo. *See Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806. "When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." *Id.* "We begin by examining the plain language of the rule as well as the context in which it was promulgated, including the history of the rule and the object and purpose." *State v. Aslin*, 2020-NMSC-004, ¶ 9, 457 P.3d 249 (internal quotation marks and citation omitted).

## C.    Discussion

**{13}**    Rule 5-211(C) provides that

[a] search warrant shall be executed within ten (10) days after the date of issuance. The officer seizing property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the affidavit for search warrant, a copy of the search warrant, and a copy of the inventory of the property taken or shall leave the copies of the affidavit for search warrant, the search warrant, and inventory at the place from which the property was taken.

**{14}** Whether the extraction of the data from Sanchez's cell phone violated this rule depends on what it means to "execute" a warrant in the context of electronically stored information. Generally, a warrant is executed when the search or seizure authorized by that warrant is conducted. *State v. Elam*, 1989-NMCA-006, ¶ 18, 108 N.M. 268, 771 P.2d 597; 79 C.J.S. *Searches and Seizures* § 251 at 358 (2017) ("A search warrant is executed by making the search directed."). However, no New Mexico case has considered when a warrant to search an electronic device for information stored on that device is executed. For the following reasons, we conclude that a search warrant for information stored on an electronic device is executed for the purposes of Rule 5-211(C) when that device is seized or when the data stored on that device is copied on site.

**{15}** In this case, on December 19, 2017, police sought authority to search Sanchez's phone for data stored in the internal and external memory of the phone. Being satisfied that there was probable cause to believe that evidence of a crime would be found on Sanchez's cell phone, the judge issued a warrant authorizing police to search the phone.[1] Sanchez argues that this warrant was not executed until the police successfully unlocked his phone and extracted the data from it on November 5, 2018—eleven months after the police obtained the warrant.

**{16}** Such an interpretation of the rule—that a search warrant for an electronic device is not executed until the information on that device is extracted—does not account for the practical realities of searching electronic devices. The extraction of data from an electronic device may be reasonably delayed by months for many reasons, including encryption on the device and backlogs at computer forensics labs. *See, e.g.*, *United States v. Carrington*, 700 F. App'x 224, 231-32 (4th Cir. 2017) (noting that the delay of six months in searching a phone was due, in part, to the need to send the phone to "a special FBI unit for examination" because of physical damage to the phone); *United States v. Syphers*, 426 F.3d 461, 463-64, 469 (1st Cir. 2005) (noting that the prosecution moved for an additional year on a warrant to search a computer because of the need to decrypt 64,000 images and because of "a backlog in computer crimes investigations"); *Commonwealth v. Knoble*, 188 A.3d 1199, 1202-03 (Pa. Super Ct. 2018) (explaining that a second extraction of data from a cell phone revealed data not revealed in the first extraction because the software used to extract the data had been updated in the nine months between the two extractions); *State v. Grenning*, 174 P.3d 706, 710-11, 714 (Wash. Ct. App. 2008) (noting that the police officer had to use "specialized software in order to complete his search" and that a delay of more than a year was reasonable because it was not realistic to require police to review the large amount of information on the devices within the ten-day time limit under the state rule). To conclude that Rule 5-211(C) requires the extraction of data from the device within ten days after law enforcement obtains a warrant to search the device would require law enforcement to obtain a new warrant every time the extraction takes longer than ten days, potentially many times over the course of an investigation. Such a requirement is

---

[1]Only the search warrant issued on December 26, 2018, is in the record before us. However, the parties agreed in the district court and agree on appeal that the warrant issued on December 19, 2017, authorized a search of Sanchez's cell phone.

not necessary or reasonable. *See State v. Smith*, 2004-NMSC-032, ¶ 10, 136 N.M. 372, 98 P.3d 1022 ("This Court has rejected a formalistic and mechanical statutory construction when the results would be absurd, unreasonable, or contrary to the spirit of the statute."); *see also Allen*, 2012-NMSC-001, ¶ 11 (noting that rules of statutory construction apply to the interpretation of rules); Rule 5-101(B) NMRA (providing that the rules of criminal procedure for the district courts "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay").

**{17}**    Recognizing that this is an issue of first impression in New Mexico, the State urges us to interpret Rule 5-211(C) to be consistent with the analogous federal rule, Rule 41 of the Federal Rules of Criminal Procedure. *See* Rule 5-211 comm. commentary (noting that Rule 5-211 is patterned after Fed. R. Crim. P. 41). Like Rule 5-211, the federal rule requires that law enforcement execute a warrant within a specified number of days. Fed. R. Crim. P. 41(e)(2)(A)(i). Unlike Rule 5-211, a provision of the federal rule specifically addresses warrants authorizing the search of electronically stored information, providing that "[t]he time for executing the warrant . . . refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review." Fed. R. Crim. P. 41(e)(2)(B). Committee commentary explains that the federal rule is based on the practical reality of electronically stored information: "A substantial amount of time can be involved in the forensic imaging and review of information. This is due to the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of the computer labs." Fed. R. Crim. P. 41 Advisory comm. notes, 2009 amendments. Because of these practical considerations, the federal rule "acknowledges the need for a two-step process: officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant." *Id.*

**{18}**    We recognize that Rule 5-211(C) does not have the explicit language of the federal rule regarding the search of electronically stored information, but we agree with the State that these practical considerations are compelling. By seizing an electronic device, law enforcement takes control of both the device and the data on that device, and allowing more than ten days to copy and review that data takes into account the various complications that may arise when attempting to access the contents of the device. For these reasons, we conclude that for the purposes of Rule 5-211(C) a warrant to search an electronic device is executed when the device is seized or the data from the device is copied on site. In other words, a device must be in the custody of police within ten days after the police obtain a warrant to search that device. The seizure of a device more than ten days after the issuance of a warrant to search the device violates Rule 5-211(C), but if the device is seized within the ten day time limit, any subsequent extraction and analysis does not violate the rule.

**{19}**    When a device is already in lawful police custody when the police obtain a warrant to search the device, the extraction of data from the device more than ten days after police obtain the warrant does not violate Rule 5-211(C). *See Carrington*, 700 F.App'x at 231-32 (concluding that, where a cell phone was already in the lawful possession of law enforcement when they obtained a warrant to search the phone, a

six-month delay in searching the phone did not violate Fed. R. Crim. P. 41(e)(2)(B)); *see also United States v. Huart*, 735 F.3d 972, 974 & n.2 (7th Cir. 2013) (noting in dicta that a warrant to search a cell phone was executed for the purposes of Fed. R. Crim. P. 41 when the phone was seized, which occurred before the warrant was issued). Although a device already in the lawful possession of the police is seized before police obtain a warrant to search it, the lawfully seized device and its contents are in the custody of police within the ten days following the issuance of the warrant. As such, the warrant may be deemed executed within those ten days.

**{20}** In this case, Sanchez's cell phone had already been seized pursuant to the December 18, 2017, Santa Clara Pueblo search warrant and was in the custody of the police on December 19, 2017, when the police obtained the warrant to search the phone. The fact that the police were unable to successfully unlock the phone and extract its contents until eleven months later was not a violation of Rule 5-211(C). Because we conclude that no violation of Rule 5-211(C) occurred, we do not need to consider whether any such violation would require suppression. *See State v. Malloy*, 2001-NMCA-067, ¶ 11, 131 N.M. 222, 34 P.3d 611 (explaining that not all violations of Rule 5-211 require suppression). For the foregoing reasons, we reverse the district court's suppression of the evidence obtained from the cell phone. We additionally refer this matter to our Rules of Criminal Procedure for State Courts Committee to amend Rule 5-211 to include language consistent with this opinion.

## II.    RULE 11-404(B) EVIDENCE

**{21}** The State also challenges the district court's ruling that evidence of a fire at Jimerson's home was not admissible under Rule 11-404(B). "We review the trial court's evidentiary rulings for abuse of discretion." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

**{22}** Rule 11-404(B)(1) provides that evidence of a person's prior acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Under Rule 11-404(B)(2) such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." In this case, the State filed a notice of intent to introduce evidence of several of Sanchez's prior acts.

**{23}** Relevant to this appeal, the State sought to introduce evidence of a fire at Jimerson's home allegedly set by Sanchez in the early morning of December 18, 2017. The district court noted that the only evidence offered by the State connecting Sanchez to the fire were statements allegedly made by Jimerson to a police officer, which the State explained it would introduce into evidence through that officer's testimony. The district court concluded that such testimony would be inadmissible as hearsay and a violation of Sanchez's right of confrontation. Without this evidence, the district court

found that there was no evidence that Sanchez had anything to do with the fire. Without evidence that Sanchez set the fire, the district court concluded that evidence of the fire had no permissible purpose under Rule 11-404(B).

**{24}** The State challenges this determination by the district court, arguing that the district court did not consider all the evidence before it. However, the State does not specify what evidence the district court failed to consider and does not challenge the district court's conclusion that testimony from the police officer regarding Jimerson's alleged statements would be inadmissible. Under these circumstances, we cannot say that the district court's exclusion of the evidence of the fire at Jimerson's home was unreasonable or "clearly against the logic and effect of the facts and circumstances of the case." *Rojo*, 1999-NMSC-001, ¶ 41. Accordingly, we conclude that the district court did not abuse its discretion, and we affirm the exclusion of evidence of the fire.

## III.    CONCLUSION

**{25}** This opinion explains our order reversing the district court's suppression of evidence obtained from Sanchez's cell phone and affirming the district court's exclusion of evidence of a fire allegedly set by Sanchez. First, we reversed the district court's suppression of the cell phone evidence because it was not a violation of Rule 5-211(C) for the police to unlock the phone and extract its contents eleven months after the police obtained the warrant to search the phone. A warrant to search an electronic device is executed for the purposes of Rule 5-211(C) when that device is seized, thus any subsequent extraction or review of the data from the seized device is not subject to Rule 5-211(C)'s ten-day time limit. Second, because the State offered no admissible evidence connecting Sanchez to the fire, we conclude that the district court did not abuse its discretion by excluding evidence of that fire.

**{26}    IT IS SO ORDERED.**

**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**JUDITH K. NAKAMURA, Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**